## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN DAMOND (#1200123529)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **20-550-JWD-RLB** |
| **SID J. GAUTREAUX, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN DAMOND (#123529)**                **CIVIL ACTION**

**VERSUS**

               **20-550-JWD-RLB**

**SID J. GAUTREAUX, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated due to his arrest following his release on parole. The plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges that he was released on parole in 2011 and was required to sign certain documents. In December of 2019, the plaintiff was arrested by the U.S. Marshal pursuant to a warrant issued by Janice Martin. He was then transported from Texas to the East Baton Rouge Parish Prison. On January 10, 2020, the plaintiff was indicted on a felony charge and remains housed at the East Baton Rouge Parish Prison.

A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation. *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir.1993); *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir.1989); *Lewis v. Secretary of Public Safety and Corrections*, 508 F. App' x. 341, 343-44 (5th Cir. 2013). A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988).

On or about July 1, 2020, the plaintiff filed suit in this Court against the same defendants herein regarding the same claims. *See Damond v. State of Louisiana, et al.,* Civil Action No. 20-437-JWD-RLB (M.D., La.). On September 28, 2020, his Complaint was dismissed, with

prejudice, for failure to state a claim upon which relief may be granted. *See* R. Docs. 9, 13, and 14.

It appears that the instant suit was originally filed in state court and was removed to this Court on August 25, 2020. Since the plaintiff's claims are duplicative of the claims asserted in the aforementioned case filed directly in this Court, his claims asserted herein against these defendants are subject to dismissal as being legally frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.

## RECOMMENDATION

It is recommended that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1]. It is further recommended that all pending motions (R. Docs. 3, 4, 5, 8, 9, 11, 17, 20, 21 and 22) be denied as moot.

Signed in Baton Rouge, Louisiana, on November 16, 2020.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."